J-S41043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN PAUL PEEBLES | : | |
| | : | |
| Appellant | : | No. 72 MDA 2017 |

Appeal from the Judgment of Sentence December 8, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000878-2016

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 04, 2017**

Appellant, Kevin Paul Peebles, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to failure to comply with sex offender registration requirements.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant is a tier III convicted sex offender who must comply with lifetime reporting requirements under the Sexual Offender Registration and Notification Act ("SORNA").  Appellant completed registration at the police barracks in Berks County on October 26, 2015, but failed to disclose that he had a Facebook social media account, in direct violation of the registration

_____

[1] 18 Pa.C.S.A. § 4915.1(a)(3).

_____

*Retired Senior Judge assigned to the Superior Court.

requirements. As a result, Appellant entered an open guilty plea on December 8, 2016, to failure to comply with registration requirements.[2] With the benefit of a pre-sentence investigative ("PSI") report, the court sentenced Appellant to a term of four and a half (4½) to ten (10) years' imprisonment. Appellant's sentence was in the mitigated range.

Appellant filed a post-sentence motion *nunc pro tunc* on December 29,

_____

[2] The U.S. Supreme Court recently declared that North Carolina's statute, banning sex offenders from accessing social networking websites, violated the First Amendment of the federal constitution. ***See Packingham v. North Carolina***, 137 S.Ct. 1730 (decided June 19, 2017) (declaring unconstitutional North Carolina statute that banned registered sex offenders from "access[ing] a commercial social networking Web site where the sex offender knows that the site permits children to become members or to create or maintain personal Web pages on the commercial social networking Web Site"). According to the Supreme Court, the statute at issue imposed an unprecedented burden on free speech that was overly broad; no State can enact such a complete bar to the exercise of First Amendment rights. ***Id.*** The Court did say, however, that a State could enact more specific laws, so long as the restrictions are limited in context and narrowly tailored. But, a State cannot enact what constitutes a complete bar to the exercise of First Amendment rights on "websites integral to the fabric of our modern society and culture." ***Id.*** at 1738.

The Pennsylvania statute relevant to the present case makes it a crime for individuals subject to registration to fail to register as required, verify an address, and provide accurate information when registering. ***See*** 18 Pa.C.S.A. § 4915.1. Accurate demographic information for a registered sex offender contains, *inter alia*, a "[p]rimary or given name, including an alias used by the individual, nickname, pseudonym, ethnic or tribal name, regardless of the context used and any designations or monikers used for self-identification in Internet communications or postings." 42 Pa.C.S.A. § 9799.16(b). Pennsylvania law does not foreclose a sex offender's access to social media; the law provides for criminal punishment if, when registering, the sex offender fails to provide accurate/complete information regarding social networking accounts. ***See*** 42 Pa.C.S.A. § 4915.1. Thus, the ***Packingham*** decision does not impact the instant case.

2016. On January 2, 2017, the court considered the motion to reinstate post-sentence rights *nunc pro tunc* **and** denied the motion on the merits. Appellant timely filed a notice of appeal on January 11, 2017. That same date, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on January 27, 2017. Appellate counsel filed on April 11, 2017, a petition to withdraw representation with this Court.

As a preliminary matter, counsel seeks to withdraw representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903

A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 359-60. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw. The petition

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

- 4 -

states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (*See* Letter to Appellant, dated April 11, 2017, attached to Petition to Withdraw as Counsel). In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

> WHETHER APPELLANT'S SENTENCE OF 54 MONTHS TO 10 YEARS IN A STATE CORRECTIONAL INSTITUTION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE, WHERE THE COURT IMPOSED A SENTENCE THAT, ALTHOUGH IN THE MITIGATED RANGE OF THE SENTENCING GUIDELINES, FAILED TO FULLY ACCOUNT FOR APPELLANT'S REMORSE FOR THE CRIME AND THE NATURE OF THE CRIMINAL CONDUCT?

(**Anders** Brief at 8).

Appellant argues the court did not consider the requisite statutory factors under 42 Pa.C.S.A. § 9721(b) when it imposed sentence. Specifically, Appellant avers the court did not fully consider Appellant's expressions of remorse and lack of wrongful intent in failing to disclose his

Facebook social media account. Next, Appellant asserts the court did not fully consider on the record the protection of the public or the gravity of the offense as it relates to the impact on the community. Appellant claims the court did not consider whether Appellant's conduct harmed the community, Appellant's rehabilitative needs, or how incarceration would prevent Appellant from committing future criminal acts. As a result, Appellant submits the court imposed an unreasonable and manifestly excessive sentence, which constitutes too severe a punishment. Appellant points out that the court noted the confusion inherent in the registration questions under SORNA. Appellant argues that the General Assembly did not intend to punish individuals like him for wrongful conduct based on confusion and misapprehension of the law. Appellant contends application of the sentencing guidelines is clearly unreasonable pursuant to Section 9781(c)(2) under these circumstances. For these reasons, Appellant concludes his sentence violated the sentencing code's norms of fundamental fairness and we should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[4] **See Commonwealth**

_____

[4] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one

*(Footnote Continued Next Page)*

*v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors implicates discretionary aspects of sentencing); *Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary

*(Footnote Continued)* ————————

in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d 270, 275, (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Phillips,* 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Nevertheless, as a general rule, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545 (quoting **Commonwealth v. Urrutia**, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). Moreover, where the sentencing court had the benefit of a PSI report, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. **Tirado, supra** at 366 n.6.

Instantly, Appellant raised the following issues in his post-sentence motion *nunc pro tunc*:

> 4. [Appellant] asks this court to modify his sentence in this case as he believes that the sentence is overly harsh.

> 5. [Appellant] believes that the within requested relief should be granted for the following reasons:

a)     [Appellant] believes his failure to register a Facebook Social Media account to be a relatively minor infraction;

b)     [Appellant] is truly remorseful and repentant for [his] acts of misbehavior;

c)     [Appellant] does not expect to have any further contact with the criminal justice system; and

d)     [Appellant] wishes to consummate a meaningful and accelerated reintegration into society at large.

\*     \*     \*

(Appellant's Post-Sentence Motion *Nunc Pro Tunc*, filed December 29, 2016, at 1-2).   Significantly, Appellant failed to preserve in his post-sentence motion *nunc pro tunc* his claims that the court failed to give adequate consideration to the protection of the public, the gravity of Appellant's offense as it relates to the impact on the community, whether Appellant's conduct harmed the community, Appellant's rehabilitative needs, and how incarceration would prevent Appellant from committing future criminal conduct.   Thus, these claims are waived.   ***See Mann, supra***.   Appellant's inclusion of these issues in his Rule 1925(b) statement does not cure this defect.   ***See McAfee, supra***.   Appellant also failed to preserve his claim that application of the sentencing guidelines is clearly unreasonable pursuant to Section 9781(c)(2).   ***See Mann, supra***.

Regarding Appellant's claim that the court did not fully consider Appellant's expressions of remorse and lack of wrongful intent in failing to

disclose his Facebook social media account, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion *nunc pro tunc*, but not in his Rule 2119(f) statement. Additionally, Appellant's assertion that the court did not fully consider these mitigating factors does not present a substantial question under the facts of this case. ***See Cruz-Centeno, supra***. Moreover, the court had the benefit of a PSI report. (***See*** N.T. Guilty Plea/Sentencing, 12/8/16, at 35). Therefore, we can presume the court considered the relevant information and mitigating factors. ***See Tirado, supra***. Finally, the record belies Appellant's contentions. In analyzing Appellant's challenge to its sentencing discretion, the court reasoned:

> [At the sentencing hearing,] the Commonwealth put on the record the standard range sentence for the offense:
>
> > Your honor, [Appellant] has a prior record score of 5, which is indicated in the [PSI] report. The offense gravity score for this offense is a 10, which would make the standard range 60 to 72 months plus or minus 12 months. [(N.T. Guilty Plea/Sentencing, 12/8/16, at 32).]
>
> Appellant's attorney…argued the mitigating circumstances of the offense. Primarily, that Appellant took responsibility for his actions and the circumstances of his failure to register was a failure to register a Facebook account. Additionally, Appellant gave further statements admitting his culpability.
>
> In conjunction with statements, [the court] stated that:
>
> > I have reviewed the PSI and I've taken that into account[.]

- 11 -

* * *

> I've also taken into account the proceeding[s] here today and [Appellant's] statements and what I believe to be [Appellant's] understandings of the proceedings and I've taken into account the provisions of the sentencing guidelines, the information that's been provided in conjunction with the entry of this plea, which is the written and oral colloquies, and [Appellant's allocution. … *Id.* at 33-34.]

> The court, having considered these parameters, deemed it appropriate to sentence Appellant to a period of incarceration within the mitigated range.

(Trial Court Opinion, filed February 16, 2017, at 2-3) (some internal citations omitted). The record shows the court adequately considered Appellant's display of remorse and the nature of Appellant's criminal conduct when the court imposed sentence. Following our independent review of the record, we agree the appeal is wholly frivolous. ***See Palm, supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2017